UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No.18-cr-20012
                                              Hon. Matthew F. Leitman

v.

RYAN ULMAN,

       Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

The United States filed an Unopposed Application for Entry of Preliminary Order of Forfeiture based upon the Information and the terms of Defendant Ryan Ulman's Rule 11 Plea Agreement ("Rule 11"), and Defendant's guilty plea to Count One of the Information (Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)).

NOW THEREFORE, based upon Defendant's acknowledgment of criminal forfeiture proceedings, Defendant's Rule 11 and guilty plea, the government's Unopposed Application for Entry of Preliminary Order of Forfeiture and the information in the record, **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. Pursuant to 18 U.S.C. § 2253, Defendant Ryan Ulman shall forfeit to the United States any property which is involved in the offense of conviction in violation of 18 U.S.C. § 2252A(a)(2) including but not limited to the following:

     a) Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape or other matter which contains any such depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

     b) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of violations of Title 18 U.S.C. § 2252A(a)(2); and

     c) Any property, real or personal, used or intended to be used to commit or to promote the commission of violations of Title 18 U.S.C. § 2252A(a)(2) including, but not limited to the following items seized from Defendant:

         1) Instinct entertainment paperwork, employment applications, notebooks with handwritten notes;

         2) Large composition journal;

         3) Instinct Entertainment paperwork and contract;

4) Instinct paperwork, ads, and notebooks;

5) Instinct Entertainment paperwork and copies of driver's license;

6) Envelope addressed to Instinct Model firm containing contract;

7) Nude images and notebook;

8) Kodak disposable camera;

9) Instinct contract;

10) Kodak Max disposable camera, 1 roll of 35 mm film and 1 roll of Kodak 200 ISO film; and

11) 2 disposable cameras;

Collectively, the "Subject Property."

2. Pursuant to 18 U.S.C. § 2253, the Subject Property **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, assigns have or may have in the Subject Property is **FOREVER EXTINGUISHED**.

3. The Subject Property was involved or used in Defendant's violation of 18 U.S.C. § 2252A(a)(2) so there is a sufficient nexus between such violation and the Subject Property.

4. This forfeiture order will become final as to Defendant at the time Defendant is sentenced by the Court.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or her designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Upon entry of this Order, the United States shall publish on [www.forfeiture.gov](www.forfeiture.gov) notice of this Preliminary Forfeiture Order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than Defendant Ryan Ulman asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to

the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9. This Order shall be made part of Defendant's sentence in this case and incorporated into his Judgment and Defendant waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

10. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764