# UNITED STATES DISTRICT COURT
## Eastern District Of Michigan

| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | § § § | |
| | § | Case Number: 0645 4:18CR20012 (1) |
| Ryan Ulman | § | USM Number: 55966-039 |
| | § | **Mitchell H. Nelson** |
| | § | Defendant's Attorney |
| | § | |

## THE DEFENDANT:

| ☒ | pleaded guilty to count(s) | 1 of the Information |
|---|---|---|
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 2252A(a)(2) Receipt of Child Pornography | 08/16/2017 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

06/18/2018
Date of Imposition of Judgment

s/Matthew F. Leitman
Signature of Judge

**MATTHEW F. LEITMAN**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

06/20/2018
Date

DEFENDANT: Ryan Ulman
CASE NUMBER: 0645 4:18CR20012 (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**125 months. The Court waives the costs of incarceration due to the defendant's lack of financial resources.**

☒ The court makes the following recommendations to the Bureau of Prisons:
1. Participation in the Inmate Financial Responsibility Program, a comprehensive drug treatment program, mental health treatment and sex offender treatment.
2. Placement at FCI Elkton if this facility is able to provide the defendant with the aforementioned treatment. If placement at FCI Elkton is not possible, placement at FCI Milan is recommended as an alternative.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ☐ a.m. ☐ p.m. on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:         Ryan  Ulman
CASE NUMBER:       0645 4:18CR20012 (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **5 years.  The Court waives the costs of supervision due to the defendant's lack of financial resources.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:       Ryan  Ulman
CASE NUMBER:     0645 4:18CR20012 (1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____       Date _____

DEFENDANT: Ryan Ulman
CASE NUMBER: 0645 4:18CR20012 (1)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program approved by the Probation Department for mental health counseling.

2. The defendant shall submit to a psychological/psychiatric evaluation as directed by the probation officer.

3. The defendant shall take all medications as prescribed by a physician whose care he is under, including a psychiatrist, in the dosages and at the times proposed. If the defendant is prescribed a medication, he shall take it, and the defendant shall not discontinue medications against medical advice.

4. The defendant shall be lawfully and gainfully employed on a full-time basis, or shall be seeking such lawful, gainful employment on a full-time basis. "Full-time" is defined as 40 hours per week. In the event that the defendant has part-time employment, he/she shall devote the balance of such 40 hours per week to his/her efforts of seeking additional employment.

5. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the United States Bureau of Prisons, or any state sex offender registration agency in which he/she resides, works, is a student, or was convicted of a qualifying offense.

6. The defendant shall successfully complete any sex offender diagnostic evaluations, treatment or counseling programs, as directed by the probation officer. Reports pertaining to sex offender assessments and treatment shall be provided to the probation officer. Based on the defendant's ability to pay, the defendant shall pay the cost of diagnostic evaluations, treatment or counseling programs in an amount determined by the probation officer.

7. The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or treatment. No violation proceedings will arise solely on the results of a polygraph examination. Based on the defendant's ability to pay, the defendant shall pay the cost of the polygraph examination in an amount determined by the probation officer.

8. The defendant shall participate in the Computer/Internet Monitoring Program (CIMP) administered by the United States Probation Department. The defendant shall abide by the Computer/Internet Monitoring Program Participant Agreement in effect at the time of supervision and comply with any amendments to the program during the term of supervision. Due to the advances in technology, the Court will adopt the amendments to the Computer/Internet Monitoring Program as necessary. For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.).

DEFENDANT:        Ryan Ulman
CASE NUMBER:      0645 4:18CR20012 (1)

9. The defendant shall not associate with minor children under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of your background and current offense, without prior approval of the probation officer.  The defendant may have unsupervised contact with his/her own children at the discretion of the probation officer. The defendant shall not frequent places where children congregate on a regular basis (such as but not limited to school grounds, playgrounds, child toy stores, video arcades, etc.).

10. The defendant shall notify anyone they date or marry with a minor child under the age of eighteen (18) of their conviction.

11. The defendant shall not purchase, sell, view, or possess images, in any form of media or live venue that depict pornography, sexually explicit conduct, child erotica, or child nudity.  The defendant shall not patronize any place where such material or entertainment is available.

12.  The defendant shall submit his person, residence, office, vehicle(s), papers, business or place of employment, and any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

13. The defendant shall not have contact, directly or indirectly, with any victim or witness in the instant offense.

AO 245B (Rev. 09/17) Judgment in a Criminal Case  Judgment -- Page 7 of 8

DEFENDANT: Ryan Ulman
CASE NUMBER: 0645 4:18CR20012 (1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---:|---:|---:|---:|
| **TOTALS** | $100.00 | Waived | Waived | N/A |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.
  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Ryan Ulman
CASE NUMBER: 0645 4:18CR20012 (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $ 100.00 due immediately, balance due

☐ not later than _____, or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on «dft_his_her» restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.